UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LONGVIEW FUND, L.P., | : | |
| Plaintiff, | : | NO.: 3:10-CV-00362 |
| | : | |
| v. | : | (JUDGE JONES) |
| | : | (MAGISTRATE JUDGE BLEWITT) |
| STANLEY J. COSTELLO and | : | (MAGISTRATE JUDGE PRINCE) |
| ANGELA L. COSTELLO, | : | |
| Defendants, | : | |
| | : | |
| v. | : | |
| | : | |
| ALL STAFFING, INC., | : | |
| Third-party Defendants | : | |
| | : | |

## MEMORANDUM AND ORDER

Pursuant to an Order entered on September 22, 2010 (Doc. 23), Honorable Magistrate Judge Thomas M. Blewitt referred plaintiff's motion (Doc. 14) to strike, or alternatively to dismiss, the third-party complaint to the undersigned Magistrate Judge for disposition.

**I. Background**

Plaintiff Longview Fund, L.P, has claimed against defendants Stanley J. and Angela L. Costello jointly and severally as guarantors of a loan that Longview made to All Staffing, Inc. In their answer, the Costellos included a third-party complaint against All Staffing; it is Longview's motion to strike or sever the third-party complaint that is now before the Court. Although Longview's motion also included alternative arguments for dismissal of the third-party complaint, Longview has acknowledged (Doc. 18) that completion of service upon All Staffing has mooted those portions of the motion.

*(A) Facts of the case*

Around November 20, 2007, Longview loaned $800,000 to All Staffing, evidenced by a promissory note. (Doc. 1, ¶ 8.) Shortly thereafter, the Costellos each signed and delivered to Longview separate personal guaranties of the loan, which contained provisions stating that any disputes regarding the guaranties would be adjudged under the laws of the State of New York. (*Id.* ¶¶ 10–11.) By July 14, 2008, the note had become due in its entirety, but Longview arranged a weekly payment plan with All Staffing that called for the balance to be paid by June 30, 2010. (*Id.* ¶ 14.) All Staffing ceased to make payments on the note after August 11, 2009, and went into default on the note. (*Id.* ¶ 17.) Although the Costellos were guarantors of the note, neither of them made any payments on the debt. (*Id.* ¶¶ 19–22.)

As of the filing of the complaint, roughly $750,000 in principal and interest remained due. (*Id.* ¶ 18.)

*(B) Procedural history*

Longview filed its complaint on February 18, 2010. (Doc. 1.) After Longview sought and obtained an entry of default against the Costellos, the Costellos filed an answer (Doc. 6) on April 1 and successfully moved the Court to set aside the entry of default (Docs. 7, 10). The Costellos' answer contained a third-party complaint against All Staffing, the principal debtor, seeking indemnification on Longview's claim. On October 9, amid some delays in effecting service on All Staffing (Docs. 12, 13, 17, 19), Longview filed a motion (Doc. 14) that, in relevant part, sought to strike the third-party complaint. Briefs in support, in opposition, and in reply having been filed (Docs. 14-5, 20, 22), the motion is now ripe for adjudication.

**II. Standard of Review**

Federal Rule of Civil Procedure 14 governs when a defendant may bring in a third party to an action:

> A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it. But the third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer.

Fed. R. Civ. P. 14(a)(1). The Middle District of Pennsylvania has promulgated local rules that supplement the Federal Rules:

> A motion by a defendant for leave to join a third-party defendant under Fed. R. Civ. P. 14(a) shall be made within three (3) months after an order has been entered setting the case for trial, or within six (6) months after the date of service of the moving defendant's answer to the complaint, whichever shall first occur.

L.R. 14.1. The Local Rules also provide that the requirements of Local Rule 14.1 "may be suspended upon a showing of good cause." L.R. 14.3.

Rule 14 "is designed to reduce multiplicity of litigation," and "should be construed liberally." *Hanhauser v. United States*, 85 F.R.D. 89, 90 (M.D. Pa. 1979) (citing *Tower Mfg. Corp. v. Reynolds*, 81 F.R.D. 560, 561 (W.D. Okla. 1978)). The goal is to prevent the need for a defendant, after being held liable to a plaintiff, to "bring a separate action against a third individual who may be liable to defendant for all or part of plaintiff's original claim." 6 Charles Alan Wright et al., Federal Practice and Procedure § 1442 (3d ed. & supp. 2010). When a third party's liability depends on largely the same facts and law as does the defendant's in a case, joining the third-party defendant enables the court and the parties to "save the time and cost of a reduplication of evidence, to obtain consistent results from identical or similar evidence, and to do away with the serious handicap to a defendant of a time difference between a judgment against him, and a judgment in his favor against the third-party defendant." *Jones v. Waterman S. S. Corp.*,

155 F.2d 992, 997 (3d Cir. 1946) (quoting 1 Moore's Federal Practice 740 (1938)). Third-party practice "is intended to facilitate, not to preclude, the trial of multiple claims [that] otherwise would be triable only in separate proceedings." *U.S. v. Yellow Cab Co.*, 340 U.S .543, 556 (1951).

## III. Discussion

*(A) Motion to strike*

Plaintiff's primary argument supporting its motion to strike is based upon ¶ 3.5 of the guaranties that defendants signed, which plaintiffs quoted as follows:

> No Guarantor will exercise any rights that [it] may now have or hereafter acquire . . . including, without limitation, any right of subrogation, reimbursement, exoneration, contribution or indemnification . . . unless and until all . . . amounts payable under this Guaranty shall have been indefeasibly paid in full in cash.

(Doc. 14-5 (quoing Doc. 14-3, at 3 ¶ 3.5).) Plaintiff refers to this quotation as evidence that defendants waived their right to seek indemnity from All Staffing before the full debt was repaid. However, plaintiff's quotation conveniently omits a crucial part of ¶ 3.5. What ¶ 3.5 actually says is: "No Guarantor will exercise any rights that it may now or hereafter acquire *against the Lender or other Guarantor* . . . ." (*Id.* (emphasis added).) Defendants limited their right to claim indemnity against plaintiff, the lender, or each other, as guarantors, but not against All Staffing, the principal debtor; and there is no dispute that a guarantor is generally entitled to full indemnity against a principal debtor's default. *Lori-Kay Golf, Inc. v. Lassner*, 460 N.E.2d 1097, 1098 (N.Y. 1984) (citing *Thompson v. Taylor*, 72 N.Y. 32 (1878)).

In their reply brief, plaintiff also attempts to discredit defendant's argument that Rule 14's policy of judicial efficiency would be served by allowing the third-party complaint to proceed. Plaintiff points out that the creditor–debtor relationship and the

4

creditor–guarantor relationship involve different contracts and different legal rights, and that at common law, a creditor was barred from claiming against both a guarantor and principal debtor in the same action. (Doc. 22, at 4 & n.4 (citing *Fehr Bros., Inc. v. Scheinman*, 509 N.Y.S.2d 304, 305–06 (N.Y. App. Div. 1986); E. LeFevre, Annotation, *Right to join principal debtor and guarantor as parties defendant*, 53 A.L.R.2d 522 § 2 (2009).) Not only did this historical prohibition lessen over time, but it concerns a situation not present here. Here, the creditor (plaintiff) has claimed against the guarantor (defendant) who seeks indemnification from the principal debtor (third-party defendant), presenting a procedural posture that has been found perfectly acceptable in courts of the State of New York before. *See Barr v. Raffe*, 468 N.Y.S.2d 332, 332–33 (N.Y. App. Div. 1983) (affirming a trial court's order that denied a debtor's motion to dismiss the third-party complaint brought against it by a surety seeking indemnity).

The requirements of Federal Rule of Civil Procedure 14(a) are also satisfied here. Defendant filed the third-party complaint concurrently with its answer and thus did not require leave of the court to file. The only other requirement under Rule 14(a) is that the third-party defendant actually or possibly be liable to the third-party plaintiff for all or part of the claim against it, which is sufficiently clear both from plaintiff's complaint and defendant's third-party complaint. (Doc.1, ¶¶ 8, 10–11; Doc. 6, ¶¶ 5–7, 10–11.)

*(B) Motion to sever*

Any party may move to sever the third-party claim. Fed. R. Civ. P. 14(a)(4). The decision whether to allow joinder of a third-party defendant is within the discretion of the trial court. *Judd v. Gen. Motors Corp.*, 65 F.R.D. 612, 615 (M.D. Pa. 1974); *United States v. Costa*, 11 F.R.D. 492, 494 (W.D. Pa. 1951); *Kelly v. Pa. R. Co.*, 7 F.R.D. 524, 527 (E.D. Pa. 1948). In most cases, allowing joinder "makes for simplication of the proceedings," *Reed v. Hickey*, 2 F.R.D. 92, 92 (E.D. Pa. 1941), as the alternative is

typically two separate cases with considerable reduplication of procedure, filings, and evidence.

Plaintiff's motion to sever rested primarily on the ground that as of the time the motion was filed, defendants had yet to serve All Staffing with original process of the third-party complaint. (Doc. 14, at ¶¶ 24–26, 32.) All Staffing has since been served and joined, and plaintiff has opted not to reinvigorate its argument for severance in subsequent briefing. (See Doc. 22, at 2–4 (containing no particular argument for severance).) Although risk of delay is a factor that, when present, militates in favor of severance, Fed. R. Civ. P. 42(b), the primary part of that risk has passed. At this time, there appears no justification for severance that outweighs the interest in judicial economy that joinder serves.

## IV. Conclusion

Based upon the foregoing discussion, it is ORDERED that plaintiff's motion to strike, sever, or dismiss (Doc. 14) be DENIED.

s/ William T. Prince  
William T. Prince  
United States Magistrate Judge

October 29, 2010