## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LONGVIEW FUND, L.P.,** | : | |
| **Plaintiff,** | : | **CIVIL ACTION NO. 3:10-0362** |
| **v.** | : | |
| | | **(MANNION, M.J.)** |
| **STANLEY J. COSTELLO, and** | : | |
| **ANGELA L. COSTELLO,** | | |
| | : | |
| **Defendants/Third Party Plaintiffs,** | | |
| | : | |
| **v.** | | |
| | : | |
| **ALL STAFFING, INC.,** | | |
| | : | |
| **Third Party Defendant.** | | |

## <u>MEMORANDUM AND ORDER[1]</u>

Pending before the court is a motion for summary judgment on behalf

of plaintiff Longview Fund, L.P. ("Longview Fund"). (Doc. No. 39). For the

reasons set forth below, the motion will be **GRANTED**.

---

[1] For the convenience of the reader of this document in electronic format, hyperlinks to the Court's record and to authority cited herein have been inserted. No endorsement of any provider of electronic resources is intended by the Court's practice of using hyperlinks.

# I.   FACTS AND PROCEDURAL BACKGROUND[2]/[3]

On November 20, 2007, plaintiff Longview Fund loaned the sum of

$800,000 (the "Loan") to third party defendant All Staffing, Inc. ("All Staffing")

as evidenced by a promissory note dated November 20, 2011 (the "Note").

Defendant Stanley J. Costello ("S. Costello"), who was Chief Executive Officer

---

[2] The court has compiled the following facts by which to assess the motion for summary judgment from the complaint as well as the plaintiff's statement of material facts and attached exhibits. *See* (Doc. No. 1); (Doc. No. 39-2). A review of the response by defendants S. Costello and A. Costello to Longview's statement of facts indicates that they dispute several of the facts set forth by Longview. However, the defendants do not cite to any evidence in support of their disputes of these facts. *See* Fed. R. Civ. P. 56(e)(2); *see also* M.D. Pa. Local Rule 56.1. Local Rule 56.1 provides, in relevant part:

> The papers opposing a motion for summary judgment shall include a separate, short and concise statement of the material facts, responding to the numbered paragraphs set forth in the statement [of the moving party] as to which it is contended that there exists a genuine issue to be tried. Statements of material facts in support of, or in opposition to, a motion shall include references to the parts of the record that support the statements.

M.D. Pa. L.R. 56.1. Consequently, defendants' unsupported denials or disputes of fact, as well as their unsupported commentary and argument, fail to abide by Local Rule 56.1, and, as such, cannot create a genuine issue of material fact, and, therefore, Longview's supported facts will be deemed admitted. *See Robinson v. CONRAIL*, 668 F. Supp. 2d 678, 683 n.2 (M.D. Pa. 2009).

[3] Because all of the facts are deemed admitted, record references have been omitted.

of All Staffing, executed the Note on All Staffing's behalf.

On that same day, concurrent with the execution of the Note, both S. Costello and Angela Costello ("A. Costello"), each executed separate unconditional, personal guaranties of All Staffing's performance of its obligations under the Note. In addition, both the S. Costello Guaranty and the A. Costello Guaranty, provided that the guarantors' obligations survived any change, restructuring or termination of the structure or existence of All Staffing.

By the express terms of the Note, All Staffing was to repay the entire principal of the loan, plus interest, to Longview Fund not later than sixty days from the date of the Note. However, All Staffing did not repay the entire principal, plus interest, to Longview Fund on or before that date.

Consequently, on or about July 14, 2008, Longview Fund and All Staffing agreed that Longview Fund would forbear from deeming All Staffing to be in default of the Note provided that All Staffing made weekly payments of not less than $2,500 to Longview Fund, did not otherwise default, and completely repaid all amounts due under the Note by June 30, 2010. All Staffing then signed that forbearance letter and began making payments to Longview Fund pursuant to the forbearance agreement.

However, All Staffing ceased making such payments before the amount due under the Note was paid. More specifically, All Staffing made its last payment to Longview on or about August 11, 2009, and has made no payments whatsoever since that date. Accordingly, as of that date, Longview Fund deemed All Staffing to be in default of the Note, and Longview Fund was still owed $684,017.85.

In addition, at the time the Loan was made, Longview Fund was one of six members of Fenix Capital, LLC ("Fenix"), which owned all of the stock of All Staffing. In August 2009, the members of Fenix sold Fenix in its entirety to SAC, LLC. According to the plaintiff, that transfer had no effect whatsoever on All Staffing's liability to Longview Fund under the Note and no effect whatsoever upon the defendants' liability to Longview Fund under their respective guaranties.

Based on the foregoing, on February 18, 2010, plaintiff Longview Fund filed a complaint against S. Costello and A. Costello. More specifically, plaintiff claims that (1) pursuant to the S. Costello Guaranty, S. Costello is liable to plaintiff for the amounts due and owing to plaintiff under the Note, and (2) pursuant to the A. Costello Guaranty, A. Costello is liable to plaintiff for the amounts due and owing to plaintiff under the Note.

On April 1, 2010, after having been granted an extension of time, the defendants filed an answer which sought to join All Staffing as a third party defendant. (Doc. No. 6). On August 9, 2010, the plaintiff filed a motion to strike or sever defendants' third party complaint, or in the alternative, to dismiss defendants' third party complaint. (Doc. No. 14). However, by order dated November 30, 2010, the plaintiff's motion was denied. (Doc. No. 27).

However, All Staffing has not appeared in this action or filed an Answer to defendant's third party complaint. Accordingly, on November 3, 2010, the Costello's filed a request for an entry of default against All Staffing, (Doc. No. 25), and on October 18, 2011, default was entered in favor of the Costello's and against All Staffing for failing to answer or otherwise plead, (Doc. No. 47).

On June 20, 2011, the plaintiff filed a motion for summary judgment that was accompanied by a brief in support and a statement of material facts. (Doc. No. 39). On July 14, 2011, the defendants filed an answer to plaintiff's motion for summary judgment, a brief in opposition and an answer to plaintiff's statement of material facts. (Doc. No.'s 40, 41 & 42). On July 28, 2011, the plaintiff filed a reply brief, (Doc. No. 43), and on August 2, 2011, the plaintiff filed an amended reply brief in order to correct a portion of their initial reply brief, (Doc. No. 44). Thus, this motion is ripe for our consideration.

## II.     STANDARD OF REVIEW

Summary judgment is appropriate if the "pleadings, the discovery [including, depositions, answers to interrogatories, and admissions on file] and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also* *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Turner v. Schering-Plough Corp.*, 901 F.2d 335, 340 (3d Cir. 1990). A factual dispute is genuine if a reasonable jury could find for the non-moving party, and is material if it will affect the outcome of the trial under governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Aetna Cas. & Sur. Co. v. Ericksen*, 903 F. Supp. 836, 838 (M.D. Pa. 1995). At the summary judgment stage, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249; *see also* *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (a court may not weigh the evidence or make credibility determinations). Rather, the court must consider all evidence and inferences drawn therefrom in the light most favorable to the non-moving party. *Andreoli v. Gates*, 482 F.3d 641, 647 (3d Cir. 2007).

6

To prevail on summary judgment, the moving party must affirmatively identify those portions of the record which demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323-24. The moving party can discharge the burden by showing that "on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the non-moving party." *In re Bressman*, 327 F.3d 229, 238 (3d Cir. 2003); *see also Celotex*, 477 U.S. at 325. If the moving party meets this initial burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to material facts," but must show sufficient evidence to support a jury verdict in its favor. *Boyle v. County of Allegheny*, 139 F.3d 386, 393 (3d Cir. 1998) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). However, if the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to [the non-movant's] case, and on which [the non-movant] will bear the burden of proof at trial," Rule 56 mandates the entry of summary judgment because such a failure "necessarily renders all other facts immaterial." *Celotex Corp.*, 477 U.S. at 322-23; *Jakimas v. Hoffman-La Roche, Inc.*, 485 F.3d 770, 777 (3d Cir. 2007).

## III.    LEGAL ANALYSIS

Plaintiff Longview Fund argues that it is entitled to summary judgment on its breach of guarantee claims.[4] "To prove a breach of guarantee under New York law, a plaintiff must show: '(1) that it is owed a debt from a third party; (2) that the defendant made a guarantee of payment of the debt; and (3) that the debt has not been paid by either the third party or the defendant.'" *See Premier Steel, Inc. v. Hunterspoint Steel LLC*, No. 10-4206, 2010 U.S. Dist LEXIS 133564, at * (S.D.N.Y. Dec. 16, 2010) (quoting *Es-Tee Realty Co. V. Soumekhian,* 323 Fed. Appx. 3, 4(2d Cir. 20008) (quoting *Chemical Bank v. Haseotes,* 13 F.3d 569, 573 (2d Cir. 1994)). The court finds that all three elements have been satisfied here. First, there is no dispute that the plaintiff actually made the loan of $800,000.00 to All Staffing, and that All Staffing defaulted on the Note. Specifically, Longview Fund is owed an outstanding debt of $684,017.85 plus interest. Second, it is undisputed that both S. Costello and A. Costello each executed personal guaranties in which they guaranteed payment of All Staffing's indebtedness. Finally, it is undisputed

---

[4] As explained in Judge Prince's previous Report and Recommendation, New York law applies because the guaranties contained provisions stating that any disputes regarding the guaranties would be adjudged under the laws of the state of New York. (Doc. No. 26).

that neither All Staffing, nor S. Costello or A. Costello, has paid All Staffing's

debt as Longview Fund is owed an outstanding debt of $684,017.85 plus

interest.

Nevertheless, the Costello's assert that the court should find the

affirmative defense of unclean hands applies here, and, therefore, the

plaintiff's motion for summary judgment should be denied.[5] The gravamen of

the defendants' argument is that Longview Fund should be deemed to have

unclean hands because it has targeted the Costello's for money that it should

have recovered from either All Staffing or SAC, LLC.

However, by way of response, plaintiff argues that the unclean hands

doctrine is not a valid defense to Longview Fund's present action at law for

monetary damages. The court agrees. Under New York law, "the interposition

---

[5] Because this is the sole argument raised by the defendants in their brief in opposition, the court need not consider plaintiff's additional arguments that (1) Longview Fund had no duty to relieve defendants of liability under their guaranties when Longview Fund sold its interest in All Staffing, and (2) even if All Staffing might ultimately be liable to plaintiff, the plaintiff is not required to make a failed attempt to collect from All Staffing before seeking satisfaction from defendants. Moreover, because the defendants have not responded to these arguments, they have waived their right to argue that summary judgment should be denied for either of those reasons. *See Ankele v. Hambrick*, 286 F. Supp. 2d 485, 496 (E.D. Pa. 2003) ("Plaintiff makes no response to this argument, and thus has waived his opportunity to contest it."); *Jasin v. Kozlowski*, No. 04-2188, 2010 U.S. Dist. LEXIS 117031, at *6-7 n.1 (M.D. Pa. Nov. 3, 2010).

of the defense of unclean hands against relief in the form of money damages is . . . improper." *See Natcontainer Corp. v. Continental Can Co., Inc.*, 362 F. Supp. 1094, 1098 (S.D.N.Y. 1973). *See also Manshion Joho Ctr. Co., Ltd. v. Manshion Joho Ctr., Inc.*,  806 N.Y.S.2d 480, 482 (N.Y. App. Div. 2005) (The doctrine of unclean hands is an equitable defense that is unavailable in an action exclusively for damages.); *JPMorgan Chase Bank, N.A. v Billings Turoff, Co.*, 2010 NY Slip Op 31666U, at *5-6 (N.Y. Sup. Ct. June 29, 2010) ("Also, Mr. Turoff's second affirmative defense - "estoppel/unclean hands" - can be utilized only in the context of a proceeding in equity, plaintiff contends. The causes of action upon which plaintiff seeks summary judgment herein are actions at law for a breach of a loan agreement. Mr. Turoff failed to make the necessary payments to plaintiff under the Guaranty. Consequently, the defense of estoppel does not apply."). Here, Longview Fund only seeks to recover money damages from the Costello's as a result of their breaches of their guaranties. As such, the equitable doctrine of unclean hands cannot apply. *See Rocks  & Jeans, Inc. v. Lakeview Auto Sales and Serv., Inc.*, 584 N.Y.S.2d 169, 170 (N.Y. App. Div.1992).

In sum, the court finds that the plaintiff has established that the Costello's breached their guaranties, and that the defendants' sole defense

of unclean hands is inapplicable. Accordingly, the court will grant the plaintiff's motion for summary judgment on plaintiff's breach of guarantee claims against the Costello's.

## IV.   CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED THAT:**

**(1)**   Plaintiff's motion for summary judgment, (Doc. No. 39), is **GRANTED**;

**(2)**   Within **fourteen (14) days** of the date of this Memorandum and Order, the plaintiff shall file a status report on the docket indicating the amount it contends the defendants owe to it, and defendants shall have **seven (7) days** from the filing of the status report to object thereto;

**(3)**   Within **twenty-eight (28) days** of the date of this Memorandum and Order, plaintiff Longview Fund may file a motion for attorney's fees and costs, which is supported by appropriate briefing, exhibits and/or affidavits[6]; and

---

[6] The guaranties provide that the "Guarantor shall pay to the Lender, on demand, the amount of any and all reasonable expenses, including, without limitation, attorneys' fees, legal expenses and brokers' fees, which the

**(4)**    The final pretrial conference scheduled for October 21, 2011 and

the trial scheduled for November 7, 2011 are cancelled.


s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States Magistrate Judge**

**DATE: October 20, 2011**
O:\shared\MEMORANDA\2010 MEMORANDA\10-0362-01.wpd

---

Lenders may incur in connection with exercise or enforcement of any [of] the rights, remedies or powers of the Lenders hereunder or with respect to any or all of the Obligations." (Doc. No. 1-3 at 4); (Doc. No. 1-4 at 4).